UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HASSETT & GEORGE, P.C.,<br><br>    *Subpoenaed Witness*,<br><br>v.<br><br>HAYMOUNT URGENT CARE, P.C. and ROBERT A. CLINTON, JR., and INDIGO INSTALLATIONS, INC. and CHRISTOPHER A. TURRENTINE, individually, and on behalf of all those similarly situated,<br><br>    *Plaintiffs*. | Docket No. 3:22-mc-00074<br><br><br>August 29, 2022 |

## **LIMITED MOTION TO QUASH**

Pursuant to Federal Rules of Procedure 45(d) and 26(c), Hassett & George, P.C. ("Hassett & George") and Attorney Jared Alfin hereby move the Court to quash certain portions of a *subpoena duces tecum* to the corporate designee for Hassett & George, and a subpoena *ad testificandum* to Attorney Jared Alfin for a deposition in Stamford, Connecticut on September 1, 2022. Hassett & George is a law firm incorporated, and with a principal office, in Connecticut. Attorney Alfin is a partner with Hassett & George and a Connecticut resident.

The subpoenas were served upon Hassett & George and Attorney Alfin by Haymount Urgent Care, P.C., Robert A. Clinton, Jr., Indigo Installations, Inc., and Christopher A. Turrentine Plaintiffs (the "Plaintiffs") in a class action pending in the Southern District of New York. The case arises out of the collection of debts under commercial purchase and sales of future receivables agreements. Several of the corporate defendants in the case are clients of Hassett & George.

Undersigned counsel and counsel for the Plaintiffs reached an agreement on the appropriate scope of the subject matter sought by the subpoenas. As such, Hassett & George and Attorney

1

Alfin move this Court, as the court for the district where compliance is required, to quash Plaintiffs' subpoena to the extent it goes outside the parties' agreement, because it is unduly burdensome and encroaches upon attorney-client privileged matters.

I. **Background**

The underlying case in the Southern District of New York is captioned *Haymount Urgent Care, P.C., et al. v. GoFund Advance, LLC, et al.*, Civil Action Number 1:22-cv-01245-JSR. The case is styled as a class action and concerns commercial merchant cash advance ("MCA") companies. In their operative complaint (the "Complaint"), Plaintiffs allege that several defendants controlled various MCAs, and used them, "to carry out a fraudulent scheme to collect upon unlawful debts and otherwise fraudulently obtain funds from Plaintiffs and hundreds of other similarly situated victims through the use of their sham MCA agreements…" Ex. A, Second Amend. Compl., pp. 1-2 ¶ 1. Plaintiffs further allege that the MCA Agreements are drafted to allow New York creditors to file legal actions in Connecticut to collect from debtors throughout the country. *Id.* at 2 ¶¶ 6 & 8 ¶¶ 40-46. Plaintiffs allege that the MCA Agreements require that the debtor consent to the jurisdiction of Connecticut, and waive its rights to notice and a hearing prior to the entry of a pre-judgment attachment. *Id.* at 52 ¶¶ 319-20. According to Plaintiffs these provisions allow, "Defendants [to] freeze out-of-state bank accounts by simply serving legal papers (which have not been reviewed or scrutinized by any court) on a bank that has a branch located in Connecticut." *Id.* at 6 ¶ 6.

Plaintiffs take issue with Connecticut General Statutes Section 52-278f, which reads:

> In an action upon a commercial transaction, as defined in section 52-278a, wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver; (2) the plaintiff shall file an affidavit sworn to by the plaintiff or any competent

> affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff; and (3) the plaintiff shall include in the process served on the defendant a notice satisfying the requirements of subsections (b) and (c) of section 52-278e.

The waiver clause referenced in §52-278f is a standard clause in commercial finance agreements, and one that appeared in capital letters in the agreements at issue. The pages containing the waiver were initialed by the signatories to the MCA.

Plaintiffs allege that Defendants availing themselves of this statute violates their right to due process under the Fourteenth Amendment of the United States Constitution. Ex. A, p. 52 ¶ 316. However, Connecticut courts have acknowledged the constitutional safeguards within the statutory framework for pre-judgment attachments as the defendant has the right to challenge the attachment after implementation, "[i]n order to comport with federal constitutional due process requirements [citation omitted] the statute requires some predicate showing by the plaintiff that there is a need for exigency and further guarantees a defendant, on request, an opportunity for a prompt postattachment hearing at which the defendant will have an opportunity to challenge the bases for the prejudgment remedy." *GMAT Legal Title Trust 2014-1, U.S. Bank Nat'l Ass'n as Legal Title Trustee v. Catale*, 213 Conn.App. 674, 689, --- A.3d --- (2022) (footnote omitted). "The purpose of a prejudgment remedy probable cause hearing is to satisfy the constitutional due process right of parties whose property rights are to be affected, to be heard 'at a meaningful time and in a meaningful manner.' " *Ledgebrook Condo. Ass'n v. Lusk*, 172 Conn. 577, 583, 376 A.2d 60 (1977) (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (additional citation omitted)).

Nevertheless, Plaintiffs claim that the MCA Agreements, "contain one-sided terms that prey upon the desperation of the small business [*sic*] and their individual owners…," and that these

terms are unconscionable, and thus unenforceable. Ex. A, p. 15 ¶¶ 78-79. In addition, Plaintiffs assert causes of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as common law claims for breach of contract, fraud, and declaratory relief. *Id.* at 38-55.

Hassett & George filed collection actions in the Connecticut Superior Court on behalf of some of the corporate defendants, namely GoFund Advance, LLC, Funding, 123, LLC, and Merchant Capital, LLC, pursuant to the MCA Agreements. Ex. A, Second Amend. Compl., Exs. 2 & 6. As acknowledged in the Complaint, these defendants are limited liability companies organized in Connecticut, and the MCA Agreements designate Connecticut as a permissible forum for litigation. Ex. A, p. 8 ¶¶ 44-46, & Ex. 3, p. 11. On June 29, 2022 Plaintiffs served a *subpoena duces tecum* upon Hassett & George demanding 15 categories of documents pertaining to the collection actions. Ex. B, pp. 10-11, Notice of Deposition, Requests for Production of Documents, pp. 7-8 ¶¶ 1-15.

Following receipt of the subpoena, Hassett & George objected to the subpoena on the basis of Attorney-Client Privilege, among other objections. Ex. C. Undersigned counsel reached an agreement with Attorneys for Plaintiffs, whereby Hassett & George would produce certain categories of documents on a rolling basis up to and after September 1, 2022. Specifically, Hassett & George agreed to produce documents and provide a corporate designee for testimony concerning the following non-privileged matters, from February 11, 2018 through the present:

1. Any payments to the marshal in connection with the writs;
2. All non-privileged communications with third parties, *i.e.*, banks, marshals, and merchants;
3. All documents served or filed in connection with the writs; and
4. All settlement agreements with merchants obtained by Hassett & George.

Ex. D, Email dated Aug. 16, 2022 at 1:11 p.m. Plaintiffs subpoenaed the deposition of Attorney Alfin on September 1, 2022, in Stamford, Connecticut. Ex. E. He has agreed to provide testimony

via Zoom on that date in accordance with the agreement reached by counsel. Ex. D, Email dated Aug. 25, 2022 at 10:33 a.m.

During the initial search for documents, it became apparent that given the volume of collection cases, Hassett & George would not be able to complete an email search before the deposition on September 1, 2022. Undersigned counsel and counsel for the Plaintiffs reached an agreement whereby Hassett & George would produce documents on a rolling basis, up to and after September 1, 2022. *Id.* Undersigned counsel also advised that Attorney Alfin was not agreeing to a multiple day deposition. *Id.* In light of the agreement to produce documents on a rolling basis up to and after September 1, 2022, undersigned counsel offered to reschedule the depositions if Plaintiffs' counsel needed more time or wanted all documents prior to the deposition. *Id.* The parties agreed to move forward on September 1. *Id.*, Email dated Aug. 25, 2022 at 10:42 a.m.

Based on the foregoing, Hassett & George and Attorney Alfin accordingly move this Court to enforce the parties' agreement, and to quash the subpoena insofar as it intrudes on the Attorney-Client Privilege and/or Attorney Work Product, and goes beyond the agreed to scope of the document production/testimony agreed to by the parties.

**II.   Legal Standard**

Federal Rule of Civil Procedure 45(d)(3) provides that the, "the court for the district where compliance is required," is the proper court to hear a motion to quash. Rule 45 also provides that a Court <u>must</u> quash or modify a subpoena that, "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or…subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii & iv). "Whether a subpoena imposes an undue burden depends on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden

5

imposed." *Jackson v. AFSCME Local 196*, 246 F.R.D. 410, 412 (D. Conn. 2007) (internal quotation marks and citations omitted). Although the, "permissible scope of discovery from a non-party is generally the same as that applicable to discovery sought from parties," courts have concluded that, "nonparty status [is] a significant factor in determining whether discovery is unduly burdensome." *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 92 (D. Conn. 2012) (internal quotation marks and citations omitted).

"Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court." In re *Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks and citation omitted). "This principle is in keeping with the traditional rule that [a] trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *Id.* (internal quotation marks and citation omitted; brackets in original).

**III.    Argument**

Neither Hassett & George nor Attorney Alfin are parties to the proceedings in the Southern District of New York. They instead provided legal services to some of the named defendants. Those parties have not waived the attorney-client privilege with respect to their interactions with Hassett & George. With that in mind, Hassett & George filed collections actions in the Connecticut Superior Court on behalf of some of the Defendants. The subpoena as originally served on Hassett & George sought to delve into the details of those cases, as well as many other interactions between Hassett & George and its clients. Such discovery would infringe upon the attorney-client privilege and the attorney work-product doctrine.

"To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept

6

confidential, and (3) made for the purpose of obtaining or providing legal advice." *U.S. Constr. Prods. Rsch., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (internal citations omitted). "Privileged documents are exempt from disclosure." *Id.* (internal citation omitted). "[T]he generally acknowledged purpose of the privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." In re *Grand Jury Investigation*, 399 F.3d 527, 531 (2d Cir. 2005) (internal quotation marks and citations omitted.). "The attorney work product doctrine provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." In re *Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (internal quotation marks and citation omitted). Given the sweeping discovery requests at issue, the protections of both the privilege and the doctrine are at risk.

Topics such as, "Your business relationship with Defendants," "Your communications with Defendants concerning usury laws," and "Your communications with Defendants concerning Writs of Attachment," are aimed at discerning the legal advice Hassett & George provided, a matter squarely within the attorney-client privilege. Indeed, Plaintiffs' proposed inquiry into the, "History of [Your] relationship with the Defendants and their affiliates," brazenly intrudes upon all aspects of the attorney-client relationship, which is supposed to be confidential. *See* In re *Grand Jury Investigation*, *surpra*, 399 F.3d at 531 ("The rationale for the [attorney-client] privilege is that confidentiality enhances the value of client-lawyer communications and hence the efficacy of legal services." (*quoting* Restatement (Third) of the Law Governing Lawyers § 68 cmt. c (2000) (brackets in original)). The subpoena probed every aspect of the legal services provided to the defendants.

Understanding these issues, the parties reached an agreement to limit the scope of the subpoena and deposition testimony to non-privileged matters as outlined above. However, when Hassett & George began reviewing its files an issue arose with respect to documents/communications with third-parties. Hassett & George retains its emails in aggregate, and has not systematically saved them to specific case files. As a result, Hassett & George needs to conduct an email search to locate, "[a]ll non-privileged communications with third parties." This task is difficult and time consuming, because in the vast majority of cases a paralegal, rather than an attorney, initiated communications with a Connecticut state marshal about service of a complaint or application for pre-judgment remedy upon the debtor. Also, the subject lines for these emails usually contained the name of the creditor alone, rather than the full case caption, which would reference the debtor to be served. Based on these issues, counsel reached a further agreement to continue production on a rolling basis up to and after September 1, 2022.

## IV. Conclusion

WHEREFORE, the law firm of Hassett & George, P.C. respectfully requests that the Court quash portions of the *subpoena duces tecum* in accordance with the parties' agreement, and limit the scope of the deposition of Attorney Jared Alfin to non-privileged matters in accordance with the parties' agreement.

Dated at Stamford, Connecticut, this 29th day of August, 2022.

                                                                            RESPECTFULLY SUBMITTED,

By:   */s/ Brian J. Palmeri*
      Brian J. Palmeri, Esq. (ct 27587)
      Daniel P. Quinlan (ct 29671)
      WINGET, SPADAFORA & SCHWARTZBERG, LLP
      One Canterbury Green
      201 Broad Street, Suite 1000
      Stamford, CT 06901
      T: 203-328-1200
      F: 203-328-1212
      Palmeri.B@wssllp.com
      Quinlan.D@wssllp.com

*Attorneys for Hassett & George, P.C.*

## **CERTIFICATION**

This is to certify that on this 29th day of August, 2022, the foregoing was mailed electronically to all known counsel of record.

                                               */s/ Daniel P. Quinlan*
                                               Daniel P. Quinlan